IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 OCT 16 PM 3:49

ENTERED
OCT 1 6 2000

| | |
|---|---|
| ELGIN SWEEPER COMPANY;<br>GUZZLER MANUFACTURING, INC.;<br>FEDERAL SIGNAL CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>POWERSCREEN INTERNATIONAL, PLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 94-G-0623-S<br>)<br>)<br>)<br>) |

MEMORANDUM OPINION

This cause comes before the court on material submitted by the parties on the motion by Powerscreen International, PLC [hereinafter Powerscreen] for partial summary judgment in the amount of $42,118 for a policy refund received by plaintiffs with respect to the insurance policy at issue in this lawsuit. Fed. R. Civ. P. 1 reads, in part, as follows:

> These rules govern the procedure in the United States district courts in all suits of a civil nature ... . They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.

To be construed with the rule is the language found in the 1993 Amendments, set forth below:

296

   The purpose of this revision, adding the words "and administered" to the second sentence, is to recognize the affirmative duty of the court to exercise the authority conferred by these rules to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay.  As officers of the court, attorneys share this responsibility with the judge to whom the case is assigned.

   The court has had enough fencing by counsel. Accordingly, the court ORDERS the plaintiff's counsel to tell the court within 15 days what he knows about the refund, specifically the answers to the following questions:

  1) Did plaintiff or one of its subsidiaries get the insurance refund?

  2) Who got the refund?

  3) When did the plaintiff or one of its subsidiaries get the refund and how much did it get?

   The purpose of the Rules of Civil Procedure is to permit the court to decide issues before it on facts.  When the truth is readily available, counsel has a responsibility to the court to be truthful and not skirt the issue.  There is no reason to litigate an issue which can be decided on its facts.

   If the plaintiff persists in evading the issue the court will order more discovery, charging all costs incurred in proving payment of the money, including attorneys' fee at $250 an hour to the plaintiff if the defendant is successful in proving the refund was paid to plaintiff or to one of its subsidiaries.

In light of the fencing the court has been faced with, it invites the defendant to renew its motion for summary judgment on the $92, 640 insurance premium prepayment within 10 days if it so desires. Defendant's submissions supporting the motion are to be served on the court and on opposing counsel within 10 days of filing the motion. Responsive submissions are to be served on the court and on opposing counsel within 10 days thereafter with a reply brief due three days later. Parties are to brief ONLY the issue of whether or not an assignment was made (with a possible failure of consideration if none was in fact made).

The court vigilantly upholds its responsibility to insure that litigation is resolved fairly without undue cost or delay. It is time the attorneys in this cause embraced the purpose of the rules: a just, speedy, and inexpensive determination of this action.

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 16th day of October 2000.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.