IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 MAY 19 PM 2:00

| | |
|---|---|
| Elgin/Federal Signal SWEEPER COMPANY; GUZZLER MANUFACTURING, INC.; FEDERAL SIGNAL CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> POWERSCREEN INTERNATIONAL, PLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) CIVIL ACTION NO. 94-G-G-0623-S ) ) ) ) ) |

## MEMORANDUM OPINION

On February 10, 2003, the Eleventh Circuit Court of Appeals issued a mandate by which it vacated the judgment of the district court and remanded the case with instructions for the district court to enter judgment for Elgin Sweeper Company [hereinafter Elgin] in the amount of $73, 138.79, plus appropriate interest as calculated by the district court. Both sides have briefed the issue. In so doing plaintiff directed the court to *United States for Use and Benefit of Roper, IBG v. Reisz*, 718 F.2d 1004, 1006 (1983), in which the court, following *E.C.*

*Ernest, Inc. v. Manhattan Construction Company of Texas*, 551 F.2d 1026, 1042 (5th Cir. 1977, *cert. denied sub nom Providence Hospital v. Manhattan Const. Co. of Texas*, 434 U.S. 1067, 98 S. Ct. 1246, 55 L.Ed. 2d 769 (1978), held that under Alabama law only liquidated claims ordinarily[1] are subject to prejudgment interest. As in the instant case *Reisz* involved a setoff. The court applied the "interest on the balance rule" and awarded prejudgement interest .

The *Reisz* rule applies in the case at bar. Elgin had a liquidated claim of $92, 640.00. Powerscreen's claim of $19, 501.21 was set off. The remaining $73,138.21 remains a liquidated balance for which prejudgment interest is allowed. Elgin is entitled to prejudgment interest on the entire $73,138.79 balance. The court holds that final judgment be entered in favor of Elgin in the amount of $117,219.06 ($73, 138.79 plus interest of $44,080.27 at the 6% rate) plus $12 a day after March 31, 2003, in the amount of $600.00 for a total judgment as of the date of the entry of the judgment in the amount of $117,819.06.

An order consistent with this opinion is being entered contemporaneously herewith.

---

[1] The two exceptions outlined in the opinion are not applicable.

2

DONE and ORDERED this ___19th___ day of May 2003.

*[signature]*

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.